## MOSES KENDALL *vs.* EBENEZER MANN.

A resulting trust in land in favor of a third person may be established by parol evidence, although the deed recites that the consideration was paid by the grantee, and it was in fact paid by him, provided that it was distinctly agreed before the purchase that the sum paid should be considered as a loan from the grantee to such third person; but the proof upon this point must be full and clear.

BILL IN EQUITY, alleging that on the 15th day of January 1862 the plaintiff owned a certain farm; that he went into insolvency, and the farm passed to Stillman Cady, his assignee, subject to his homestead estate and his wife's initiate right of dower; that Cady offered the land for sale at auction, and the plaintiff employed the defendant to bid it off; that the defendant did bid it off as his agent and in his behalf, and took a conveyance to himself in trust for the plaintiff, and the plaintiff agreed to repay him whatever sums he should pay for the same; that thereafter, on the fifth day of January 1863, in order that the defendant might be able to reimburse himself for the amount by him advanced and paid for the plaintiff, and make sales of portions of the estate and portions of the wood and timber thereon, the plaintiff and his wife conveyed to the defendant their interest in the land, and in return the defendant made an instrument in writing, under seal, agreeing to reconvey to the plaintiff what should remain after he should reimburse himself, and that the instrument is lost; that the defendant has sold enough to reimburse himself, and refuses to reconvey the residue or state an account. In an amendment it was alleged that the plaintiff was led by the defendant to believe that the agreement contained the stipulations above stated, and, if it did not, the stipulations were fraudulently omitted; and that there was no other agreement in writing, and so a resulting trust to the plaintiff arose. The bill sought discovery as well as relief; and the answer denied all the material allegations of the bill, and alleged that at the time of receiving the conveyance from the plaintiff and his wife the defendant made a written agreement differing from that set forth in the bill, the particulars of which were stated.

At the trial, before *Gray*, J., of an issue to the jury framed to determine the question whether the defendant took the farm upon the trust set forth in the bill, the plaintiff offered parol evidence to show that he employed the defendant to bid off the premises at. the auction in his behalf and as his agent, and agreed to repay him whatever sum he should pay for the same, and the defendant did in such capacity bid off the same for the sum of $407 over the incumbrances, and with the plaintiff's consent received in his own name a deed of the same from the assignee ; that thereupon the parties further agreed that the defendant might sell off portions of the estate enough to pay the sum so bid and the incumbrances, and a compensation for the defendant's services and expenses, and then hold the residue in trust for the plaintiff; and to enable the defendant to do this more conveniently, the plaintiff and his wife made a quitclaim deed to the defendant of their rights of homestead and dower.

The judge excluded this evidence, and a verdict was taken for the defendant, and the case was reserved for the determination of the whole court. If the ruling was right, the case was to stand for a motion to amend the bill by alleging that the defendant executed such an agreement as was admitted in the answer.

*G. F. Hoar*, for the plaintiff. It is well settled that resulting trusts may be proved by parol. *Peabody* v. *Tarbell*, 2 Cush. 226. Such trust arises when a deed is taken in the name of one person and the purchase money is paid by another, or paid in behalf of another and advanced to him by the grantee, by way of loan. *Livermore* v. *Aldrich*, 5 Cush. 431. *Boyd* v. *McLean*, 1 Johns. Ch. 582. *Getman* v. *Getman*, 1 Barb. Ch. R. 499. *Beck* v. *Graybill*, 28 Penn. State R. 66. *Bartlett* v. *Pickersgill*, 1 Eden R. 515 ; *S. C.* 1 Cox Ch. Cas. 15. Browne on St. of Frauds, § 90, and cases cited. The test is, whose money paid for the land ? The defendant in this case acted solely as the plaintiff's agent, and had a claim upon him at once for reimbursement of the sum advanced. This sum was therefore, in legal contemplation, the money of the plaintiff.

*P. E. Aldrich*, for the defendant, in addition to some of the foregoing authorities. cited Gen. Sts. *c.* 100, § 19 ; *Fall River*

*Whaling Co.* v. *Borden*, 10 Cush. 458, 471; *Capen* v. *Richardson*, 7 Gray, 364; *Botsford* v. *Burr*, 2 Johns. Ch. 405.

CHAPMAN, J. Taking the averments in the bill and the offer of evidence in connection with each other, there appear to have been two separate transactions; and the first one must be regarded separately from the second.

The old and well established doctrine of equity, that a resulting trust may be proved by parol evidence, is recognized and adopted in this commonwealth. *Livermore* v. *Aldrich*, 5 Cush. 431. The ordinary cases of trusts of this character are where the purchase money is paid by one party and the conveyance is made to another. " But where a man merely employs another person by parol as an agent to buy an estate, who buys it for himself and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he cannot compel the agent to convey the estate to him, as that would be directly in the teeth of the statute of frauds." 2 Sugden on Vend. (7th Amer. ed.) 912. Chancellor Kent says: "A trust results to A. because he paid the money. The whole foundation of the trust is the payment of the money, and that must be clearly proved. If, therefore, the party who sets up a resulting trust made no payment, he cannot be permitted to show by parol proof that the purchase was made for his benefit or on his account." *Botsford* v. *Burr*, 2 Johns. Ch. 409. He may show that the agent lent the purchase money to him, and that thus it was paid by him. In *Page* v. *Page*, 8 N. H. 187, the grantee of the land paid the purchase money, but he had agreed to lend it to the plaintiff for the purchase, and took the plaintiff's notes for it. The court held that this raised a resulting trust, but said that the evidence ought to be very clear and satisfactory in such a case. In *Boyd* v. *McLean*, 1 Johns. Ch. 582, the plaintiff had an agreement under seal with the owner for the purchase of the land, and had taken possession under it. He was permitted to show by parol that the defendant, who paid the purchase money and took the deed to himself, had agreed to lend the money to him, to be repaid in a certain time with interest, and took the deed to himself

as security for the money; and a decree of redemption was made in his favor. But Chancellor Kent said, if the point were *res integra*, he should be inclined to agree with Sir Thomas Clarke in *Lane* v. *Dighton*, Ambl. 409, that such evidence is too dangerous in its consequences. He further said that the cases uniformly show that the courts have been deeply impressed with the danger of this kind of proof, as tending to perjury and insecurity of paper titles, and they have required the payment by the *cestuis que trust* to be clearly proved. In *Getman* v. *Getman*, 1 Barb. Ch. R. 499, the plaintiff had no claim to purchase the property; but as it was to be sold at a sheriff's sale, he called on the defendant and requested him to advance the money for the bid, and give the plaintiff six years to repay it. The defendant assented to this arrangement, and bid off the property and paid for it. It was held that this was insufficient to establish a loan and raise a trust. The reason for requiring such fulness and clearness of the proof in such a case is, that where the money lent never passes into the hands of the plaintiff, and he gives no written security for it, the whole transaction, so far as the plaintiff is concerned, consists in his oral agreement. He does no act whatever, but by virtue of his agreement claims that he may appropriate to himself the benefit of the acts done by the defendant. The trust arises out of his mere parol agreement, and the acts he relies on are the acts of the defendant. It would be exceedingly dangerous to rely on the testimony of a party stating a mere oral agreement, and uncorroborated by any other evidence, to establish such a trust, even if his statement were positive and clear, and probably it would never be held sufficient.

In the present case the plaintiff had no peculiar right to purchase the land, and no right was given up by him to the defendant; but the defendant had the same right that the plaintiff had to bid for it at the assignee's sale. He does not allege in his bill or offer to show in evidence that the defendant agreed in terms to lend him the money in order that he might purchase the land; but he leaves this to be inferred from the fact that the defendant agreed to act as his agent in the purchase, and did so

act, and that he agreed orally to repay the defendant whatever sum the defendant might pay for the land. This implies that the defendant was to advance the money as his own, and to give the plaintiff a right to repurchase on being repaid by the plaintiff, nearly or quite as clearly as it implies that he was to lend it to the plaintiff. At least it is equivocal, when we con· sider how unusual it is for men to lend such sums of money and take no written obligation for repayment; and it lacks that clearness which the plaintiff should establish in order to raise a resulting trust.

Whatever agreement was made afterwards would not raise a resulting trust, though followed by a conveyance of the plaintiff's right of homestead and his wife's right of dower. If the plaintiff can establish his case, it must be on the ground that there was an express trust.

*Verdict to stand, and cause to stand for plaintiff's motion to amend his bill according to the report.**

---

\* Another case involving the same principle was argued at the same term.

### SAMUEL DAVIS *vs.* JOHN W. WETHERELL.

CONTRACT to recover money received by the defendant, upon the sale of an equity of redemption of land purchased by him of the plaintiff's assignees in insolvency, in which the plaintiff claimed that a resulting trust existed in favor of himself. At the trial in this court, *Gray*, J. directed a verdict for the defendant, upon facts which sufficiently appear in the opinion. The plaintiff alleged exceptions.

*T. L. Nelson*, for the plaintiff.

*P. E. Aldrich*, for the defendant.

CHAPMAN, J. The plaintiff contends that the defendant purchased the equity of redemption of the plaintiff's assignees in insolvency in trust for the plaintiff; that he violated the trust by selling the land, and that the plaintiff is entitled to maintain this action to recover the balance of the avails of the sale over and above the amount of the incumbrances which existed upon the land. The first fact to be proved is the existence of the trust. The plaintiff does not allege that any trust was declared in writing, but he offered at the trial his own testimony for the purpose of establishing by oral evidence a resulting trust. The only fact to which he testifies as occurring before the sale is a conversation between him and the defendant. In this conversation the plaintiff went no further than to say he should be glad to have the defendant buy the land, provided the

---

plaintiff could have the privilege of redeeming it; and the only promise he represents the defendant as making is, that " he would see what he could do." There is nothing in all this tending to establish a resulting trust. In order to establish such trust, the plaintiff must prove that he paid the purchase money, or, if the defendant paid it, that he did so in behalf of the plaintiff. If the defendant furnished the money, it should clearly appear that he had lent it to the plaintiff, so as to make it the plaintiff's money when it was paid. Nothing of this kind is stated. This subject is discussed in *Kendall* v. *Mann.*

The resulting trust must arise at the time of the purchase, and cannot be created afterwards. 2 Washburn on Real Prop. 173. Therefore none of the other conversations or facts, all of which occurred some time after the sale, have any tendency to establish such a trust. If they tend to prove any trust, it was an express trust, such as can only be created by an instrument in writing. But in reality the plaintiff's testimony proves nothing more than that the defendant permitted the plaintiff to enjoy the privilege of continuing to occupy the land for a time, as he had occupied it before, upon payment of the interest accruing on the mortgage and the taxes, and also agreed that he might have the privilege of redeeming the land; but the plaintiff did not redeem it; and after the defendant thought a reasonable time had elapsed he sold it. The agreement as to the redemption was within the statute of frauds.

The plaintiff's testimony as to his intentions at the time of the first conversation was properly excluded, for his unexpressed intentions could not affect the defendant's rights.                                             *Exceptions overruled.*